*248 OPINION.
Black :
In the instant case petitioner’s 1923 loss in connection with Flagg Ink Co. was not due to the fact that stock which he held in the corporation became worthless during the taxable year. The evidence shows that he held no stock in the corporation. His loss was occasioned by having to charge off as a bad debt certain sums which he had loaned and advanced to the corporation, covering a period from June 7,1921, to December 1,1923. Under the applicable revenue act it was perfectly proper for petitioner to use this bad debt charge-off as a deduction from his 1923 income. This he was permitted to do, but he may not carry forward the remaining net loss as a statutory net loss to use as a deduction in computing net income for the succeeding year, unless it was incurred in some trade or business in which petitioner was regularly engaged. The facts do not establish that the loss was so incurred.
*249 This case is similar in its facts, we think, to Wm. J. Robb, 5 B. T. A. 827, where the taxpayer made an investment in a corporation and rendered it in addition his personal and financial assistance, and the Board held that his loss therein was not a net loss. After quoting section 204 (a) of the Revenue Act of 1921, the Board said:
In the opinion of the Board the facts stipulated do not bring the petitioner within the provisions of this section. They fail to show that he was regularly engaged in carrying on a trade or business of his own. He rendered personal and financial assistance to the corporation in which he had made an investment, but the business was that of the corporation. All that he did was to make an investment in and an occasional loan to a corporation which was regularly engaged in carrying on a millinery business. In the opinion of the Board, the evidence does not warrant the conclusion that petitioner’s loss in 1921 was from the operation of a trade or business regularly carried on by him within the meaning of section 204, and the Commissioner correctly denied the deduction of $4,797.57 from 1922 income.
In the recent case of R. P. Clark, 19 B. T. A. 859, the taxpayer was the president and largest stockholder of a corporation and sustained a loss of $68,000 by endorsing its notes. He claimed the benefit of the net loss provision of the Act of 1921, but it was denied by the Board on the ground that the business was that of the corporation and that taxpayer had not shown that he was in the business of endorsing notes. See also J. Kearsley Mitchell, 19 B. T. A. 83, and A. Lynton Jones, 19 B. T. A. 447.
Relative to that part of the alleged statutory net loss relating to a loss of $12,000 sustained by petitioner in the failure of the brokerage firm of Zimmerman & Forshay, the evidence fails to establish that this loss resulted from any business carried on by petitioner.
In the case of Oscar E. Rehm, 16 B. T. A. 1045, where the taxpayer made occasional investments in securities, sustained a loss and claimed a net loss, the Board denied it and said:
We are unable to agree with the petitioner that he is entitled to the deduction claimed, for the reason that his dealing in stocks on his own account, which gave rise to the loss in question, did not, in our opinion, constitute a trade or business regularly carried on by him. On the contrary, they appear to be isolated and occasional transactions outside the scope of his regular trade or business. As he testified, he had for many years traded in the market “ off and on.” We have held that the term “ trade or business iegu-larly carried on ” used in section 204 of the Revenue Act of 1921 means a vocation and not occasional or isolated transactions. J. J. Harrington, 1 B. T. A. 11, and Fridolin Pabst, 6 B. T. A. 843.

Judgment will be entered for the respondent.